IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RICK FORESTER, Individually and as Next Friend to N.F. and M.F., Minors; ASHLIE FORESTER, Individually; CONSTANCE COHEN, Individually; CAROL SOLLEY, Individually; and JAMES SOLLEY, Individually, | § § § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:17-cv-523 |
| GENERAL MOTORS LLC, | § § § | |
| *Defendant.* | § | |

**DEFENDANT GENERAL MOTORS LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant General Motors LLC ("GM LLC") files this Answer to Plaintiffs' First Amended Complaint ("Amended Complaint"), and in support thereof, would respectfully show the Court as follows:

**PLAINTIFFS' STATEMENT OF PARTIES**

1. GM LLC is without sufficient information to admit or deny the allegations in Paragraph 1 of the Amended Complaint, and therefore denies them.

2. GM LLC is without sufficient information to admit or deny the allegations in Paragraph 2 of the Amended Complaint, and therefore denies them.

3. GM LLC is without sufficient information to admit or deny the allegations in Paragraph 3 of the Amended Complaint, and therefore denies them.

4. GM LLC is without sufficient information to admit or deny the allegations in Paragraph 4 of the Amended Complaint, and therefore denies them.

5. GM LLC is without sufficient information to admit or deny the allegations in Paragraph 5 of the Amended Complaint, and therefore denies them.

6. GM LLC admits that it is a Delaware limited liability company with its principal place of business in Wayne County, Michigan. GM LLC is owned by a single entity, General Motors Holdings LLC, which is also a Delaware limited liability company with its principal place of business in Wayne County, Michigan. GM LLC further admits that General Motors Holdings LLC, in turn, is 100 percent owned by General Motors Company, a corporation organized under the laws of Delaware with its principal place of business in Michigan. GM LLC admits it may be served through registered agent in the state of Texas.

## PLAINTIFFS' STATEMENT OF JURISDICTION

7. GM LLC does not contest the Court's exercise of subject matter jurisdiction over this case.

8. GM LLC admits that the parties to this lawsuit are citizens of different states. Additionally, GM LLC admits that Plaintiffs seek damages in excess of the minimum amount in controversy required to support diversity jurisdiction. GM LLC denies any remaining allegations in Paragraph 8.

## PLAINTIFFS' STATEMENT OF FACTS

9. GM LLC is without sufficient information to admit or deny the allegations in Paragraph 9, and therefore denies them.

10. GM LLC admits that it designed in part, manufactured in part, assembled, tested, and distributed the 2015 Chevrolet Cruze (VIN 1G1PC5SB6F7246867) ("subject vehicle"). GM LLC denies any remaining allegations in Paragraph 10.

11. GM LLC incorporates by reference its response to Paragraph 10 above. GM LLC denies any remaining allegations in Paragraph 11.

12. GM LLC incorporates by reference its response to Paragraph 10 above. GM LLC denies any remaining allegations in Paragraph 12.

13. GM LLC is without sufficient information to admit or deny the allegations in Paragraph 13, and therefore denies them.

14. GM LLC is without sufficient information to admit or deny the allegations in Paragraph 14, and therefore denies them.

15. GM LLC denies that subject vehicle was defective or not crashworthy in any respect, and denies it is liable to Plaintiffs under any theory of recovery. GM LLC is without sufficient information to admit or deny the remaining allegations in Paragraph 15, and therefore denies them.

16. GM LLC objects to this allegation because it lacks foundation, is vague and ambiguous, and improperly purports to require GM LLC to admit or deny allegations related to the automobile industry. Therefore, GM LLC denies the allegations in Paragraph 16, as phrased.

17. GM LLC objects to the allegations in Paragraph 17 because they lack foundation and/or are incomplete. Therefore, GM LLC denies the allegations in Paragraph 17, as phrased.

18. GM LLC objects to the allegations in Paragraph 18 because they lack foundation and/or are incomplete. Further, GM LLC objects to the allegations in Paragraph 18 because they

concern purported statements attributed to an entity other than GM LLC. Therefore, GM LLC denies the allegations in Paragraph 18, as phrased.

19. GM LLC objects to the allegations in Paragraph 19 because they lack foundation and/or are incomplete. Therefore, GM LLC denies the allegations in Paragraph 19, as phrased.

20. GM LLC objects to the allegations in Paragraph 20 because they lack foundation and/or are incomplete. Therefore, GM LLC denies the allegations in Paragraph 20, as phrased.

21. GM LLC objects to the allegations in Paragraph 21 because they lack foundation and/or are incomplete. GM LLC further objects to the allegations in Paragraph 21 because they concern purported statements attributed to someone who is not an employee of GM LLC. Therefore, GM LLC denies the allegations in Paragraph 21, as phrased.

22. GM LLC objects to the allegations in Paragraph 22 because they lack foundation and/or are incomplete. GM LLC states that Paragraph 22 purports to quote an advertisement, which speaks for itself. GM LLC denies any remaining allegations in Paragraph 22, as phrased.

23. GM LLC objects to the allegations in Paragraph 23 because they lack foundation and/or are incomplete. GM LLC further objects to the allegations in Paragraph 23 because they concern purported statements attributed to an entity other than GM LLC. Therefore, GM LLC denies the allegations in Paragraph 23, as phrased.

24. GM LLC objects to the allegations in Paragraph 24 because they lack foundation and/or are incomplete. Therefore, GM LLC denies the allegations in Paragraph 24, as phrased.

25. GM LLC objects to the allegations in Paragraph 25 because they lack foundation and/or are incomplete. Therefore, GM LLC denies the allegations in Paragraph 25, as phrased.

26. GM LLC objects to the allegations in Paragraph 26 because they lack foundation and/or are incomplete. Therefore, GM LLC denies the allegations in Paragraph 26, as phrased.

27. GM LLC objects to the allegations in Paragraph 27 because they lack foundation and are vague and ambiguous. Therefore, GM LLC denies the allegations in Paragraph 27, as phrased.

28. GM LLC objects to the allegations in Paragraph 28 because they lack foundation and/or are incomplete. Therefore, GM LLC denies the allegations in Paragraph 28, as phrased.

29. GM LLC denies the allegations in Paragraph 29, as phrased.

30. GM LLC objects to the allegations in Paragraph 30 because they lack foundation and/or are incomplete. GM LLC further objects to the allegations in Paragraph 30 because they concern purported statements attributed to someone who is not an employee of GM LLC. Therefore, GM LLC denies the allegations in Paragraph 30, as phrased.

31. GM LLC objects to the allegations in Paragraph 31 because they are irrelevant to the issues in this case and are more properly directed to an entity other than GM LLC.

32. GM LLC objects to the allegations in Paragraph 32 because they lack foundation and/or are incomplete. Therefore, GM LLC denies the allegations in Paragraph 32, as phrased.

## PLAINTIFFS' CAUSES OF ACTION

33. GM LLC admits only that it is aware accidents involving its vehicles will on occasion take place during the normal and ordinary use of said vehicles. GM LLC denies the remaining allegations in Paragraph 33.

34. GM LLC denies the allegations in Paragraph 34.

35. GM LLC incorporates by reference its admissions and averment in Paragraph 35 above. GM LLC denies any remaining allegations in Paragraph 35.

36. GM LLC denies the allegations in Paragraph 36.

37. GM LLC denies the allegations in Paragraph 37.

38. GM LLC denies the allegations in Paragraph 38, including subparts (a) through (y). GM LLC otherwise objects to the allegations in Paragraph 38 to the extent they purport to require GM LLC to admit or deny a legal conclusion.

39. GM LLC denies the allegations in Paragraph 39.

40. GM LLC denies the allegations in Paragraph 40.

41. GM LLC admits it had a duty imposed under operation of law related to the design, manufacture, testing, and assembly of motor vehicles, including the subject 2015 Chevrolet Cruze. GM LLC denies the remaining allegations in Paragraph 41, as phrased.

42. GM LLC incorporates by reference its admissions and averment in Paragraph 41 above. GM LLC denies the remaining allegations in Paragraph 42, as phrased.

43. GM LLC incorporates by reference its admissions and averment in Paragraph 41 above. GM LLC denies the remaining allegations in Paragraph 43, as phrased.

44. GM LLC incorporates by reference its admissions and averment in Paragraph 41 above. GM LLC denies the remaining allegations in Paragraph 44, as phrased.

45. GM LLC incorporates by reference its admissions and averment in Paragraph 41 above. GM LLC denies the remaining allegations in Paragraph 45, as phrased.

46. GM LLC denies the allegations in Paragraph 46, as phrased.

47. GM LLC objects to the allegations in Paragraph 47 because they are vague and ambiguous. Therefore, GM LLC denies the allegations in Paragraph 47, as phrased.

48. GM LLC admits that it expended substantial resources in the design and development of motor vehicles. GM LLC denies the remaining allegations in Paragraph 48, as phrased.

49. GM LLC objects to the allegations in Paragraph 49 because they are vague and ambiguous. Therefore, GM LLC denies the allegations in Paragraph 49, as phrased.

50. To the extent the statements in Paragraph 50 require a response from GM LLC, GM LLC denies the statements in Paragraph 50.

51. GM LLC objects to the allegations in Paragraph 51 because they are vague, ambiguous, and almost unintelligible. Therefore, GM LLC denies the allegations in Paragraph 51.

52. GM LLC denies the allegations in Paragraph 52.

## PLAINTIFFS' ALLEGED DAMAGES

53. GM LLC denies the allegations in Paragraph 53, and further denies Plaintiffs are entitled to recover any alleged damages from GM LLC.

54. GM LLC denies the allegations in Paragraph 54, and further denies Plaintiffs are entitled to recover any alleged damages from GM LLC.

55. GM LLC denies the allegations in Paragraph 55, and further denies Plaintiffs are entitled to recover any alleged damages from GM LLC.

## PLAINTIFFS' PRAYER

56. GM LLC denies Plaintiffs are entitled to recover from GM LLC any of the relief requested in their Amended Complaint, including the damages listed in the prayer at the conclusion of Plaintiffs' Amended Complaint.

## AFFIRMATIVE DEFENSES

57. Pleading further, alternatively, and by way of affirmative defense, GM LLC would show the accident in question and Plaintiffs' alleged injuries and damages, if any, were the result of negligent acts and/or omissions of the decedent, others, and/or third parties,

including but not limited to Zachery Tanner Gresham, beyond GM LLC's control, whose acts or omissions were a proximate cause or a producing cause or the sole proximate cause or the sole producing cause of the accident in question and Plaintiffs' alleged injuries and damages, if any.

58. GM LLC states that Plaintiffs' alleged injuries and damages, if any, were the result of negligent per se acts of others, including but not limited to Zachery Tanner Gresham, beyond GM LLC's control, whose negligent per se acts or omissions were a proximate cause or a producing cause or the sole proximate cause or the sole producing cause of the accident in question and Plaintiffs' alleged injuries and damages, if any.

59. GM LLC states that the subject vehicle was not in the same condition as it was when it left the control of GM LLC, and that the change in condition of the subject vehicle caused Plaintiffs' alleged injuries and damages, if any.

60. GM LLC invokes the comparative responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.

61. GM LLC states that, pursuant to Section 18.091 of the Texas Civil Practice and Remedies Code, to the extent Plaintiffs are seeking recovery for loss of earnings, lost wages, loss of earning capacity, loss of inheritance, and/or loss of contributions of a pecuniary value, Plaintiffs must present evidence of the alleged loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

62. GM LLC states that in the unlikely event that an adverse judgment would be rendered against it, GM LLC respectfully requests all available credits and/or offsets as provided by Texas law.

63. GM LLC states the subject vehicle in this lawsuit complied with all Federal Motor Vehicle Safety Standards and all other applicable federal requirements. Accordingly, GM

LLC pleads Plaintiffs' claims may be barred in whole or in part by the doctrine of federal preemption.

64. GM LLC states that Plaintiffs' claims, including without limitation and to the extent there is a request for exemplary/punitive damages, may be barred, preempted, and/or precluded by applicable federal law.

65. GM LLC reserves the right to amend its Answer to this Amended Complaint to assert additional defenses, affirmative or otherwise, to challenge venue, and to assert third-party claims, all as may be required upon the completion of reasonable discovery and investigation.

WHEREFORE, PREMISES CONSIDERED, Defendant General Motors LLC respectfully prays that Plaintiffs take nothing by reason of this suit, that GM LLC recover its costs herein expended, and for such other and further relief, both at law and in equity, to which GM LLC may be justly entitled.

Respectfully submitted,

*/s/ Deron Wade*

**DERON L. WADE**
State Bar No. 24008220
dwade@hdbdlaw.com
**HARTLINE DACUS BARGER DREYER LLP**
8750 North Central Expressway, Suite 1600
Dallas, TX 75231
Telephone: (214) 369-2100
Facsimile: (214) 369-2118

**ATTORNEY FOR DEFENDANT
GENERAL MOTORS LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure via the Court's CM/ECF System and fax on this 5th day of December, 2017.

*/s/ Deron Wade*